**Xue Jin ZHENG, Petitioner,**

v.

**INS, Respondent.**

**No. 04–2827–AG(NAC).**

United States Court of Appeals, Second Circuit.

March 1, 2006.

Xue Jin Zheng, New York, NY, for Petitioner, pro se.

Linda A. Epperly, Assistant United States Attorney (Sheldon J. Sperling, United States Attorney, on the brief), United States Attorney's Office for the Eastern District of Oklahoma, Muskogee, OK, for Respondent.

PRESENT: THOMAS J. MESKILL, JOSÉ A. CABRANES and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED** and the cause is **REMANDED.** Petitioner Xue Jin Zheng, a native and citizen of China, petitions for

review of an order of the Board of Immigration Appeals ("BIA") affirming an order of an immigration judge ("IJ") denying her applications for asylum and withholding of removal and ordering her removed to China. We assume the parties' familiarity with the underlying facts and procedural history.

After entering the United States, allegedly on May 20, 2001, Zheng filed an application for asylum and withholding of removal on September 19, 2001. She claimed to have been subjected to the coercive family planning practices of the Chinese government, including having had intrauterine devices forcibly implanted in her on more than one occasion and having been compelled to have a fetus aborted. *See* 8 U.S.C. § 1101(a)(42)(B) (defining a "refugee" who is eligible for asylum pursuant to 8 U.S.C. § 1158(b)(1) to include one who has been "forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program"). Zheng further claimed that after she gave birth to her third child, officials ordered her sterilized and imposed on her a fine of 10,000 RMB, which her mother-in-law paid. Zheng thereafter allegedly traveled to New Zealand and subsequently entered the United States with documents in the name of Wen, Xiu Ying.

In her removal hearing, Zheng conceded removability and waived relief pursuant to the United Nations Convention Against Torture and other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85, S. Treaty Doc. No. 100–20 (1988). Zheng testified (as did her cousin Meiyu Zheng) and introduced various items of documentary evidence in support of her applications. At the conclusion of the hearing, the IJ denied Zheng's application for asylum on the ground she had failed to carry her burden to show that she had filed her asylum application within the one-year time limit, *see* 8 U.S.C. § 1158(a)(2)(B), because the government's records did not reflect any indication of Zheng's entry into the United States under the alias she had supposedly used and because there were inconsistencies between the testimony of Zheng and her cousin regarding the circumstances of Zheng's arrival in New York.

The IJ also concluded that Zheng failed to carry her burden to show that she had a "well-founded fear of persecution," Decision of the IJ, October 28, 2002 ("IJ Decision"), at 18; *see also* 8 U.S.C. § 1101(a)(42)(A) (defining a "refugee" who is eligible for asylum pursuant to 8 U.S.C. § 1158(b)(1) to include one who has a "well-founded fear of persecution"), because she (1) submitted an abortion certificate for her allegedly forced abortion even though, according to the relevant State Department country report, abortion certificates are ordinarily issued in China only for voluntary abortions; (2) presented a household registration showing that all three of her children were registered at birth (the third of which was born in 1990), yet she claimed that the authorities did not attempt to sterilize her until January 1999;[1] and (3) testified that the authorities intended to sterilize her *and* her husband even though the "background material," IJ Decision at 18, on China suggests that typically only one member of a couple that

---

**1.** The IJ seemingly mischaracterized the evidence before him by noting that, according to the record, Zheng "had no difficulties with the family planning authorities" from the time of the birth of her third child in 1990 until "she left the People's Republic of China at some unknown date." IJ decision at 18. Zheng claimed that an intrauterine device had been forcibly implanted in her as early as 1990, following the birth of her third child, a contention the IJ never discredited.

has violated the family planning regulations is sterilized. The IJ specifically characterized· Zheng's testimony with respect to her claim that she received a certificate for her forced abortion and that the authorities sought to sterilize both her and her husband as "incredible." *Id.* at 17, 18.

The IJ concluded that Zheng had "failed to establish a well-founded fear of persecution ... as necessary in order to be statutorily eligible for asylum." *Id.* at 18–19. Nonetheless, the IJ never made an explicit adverse credibility determination concerning Zheng's testimony generally, nor did he ever specifically discredit her contention that she had violated the family planning regulations and that the Chinese authorities had ordered her to be sterilized.

Zheng appealed the IJ's order, and the BIA issued a *per curiam* opinion, which reads, in pertinent part, as follows:

> We find that even if the respondent timely filed her asylum application, the Immigration Judge properly concluded that the respondent did not present a credible claim. The Board reviews the Immigration Judge's findings of fact, including credibility determinations, under the clearly erroneous standard. A finding is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." After considering "the entire evidence" and our general deference in matters of credibility, we find no clear error in the Immigration Judge's adverse credibility finding.

*In re: Zheng, Xue Jin,* A95–149–765 (BIA Apr. 28, 2004) (per curiam) (internal citations omitted). The BIA's decision also notes that Zheng's asylum application and her husband's letter "state that it was only the respondent who was threatened with sterilization," but her testimony at the hearing was that "both she and her husband were threatened with sterilization." *Id.* According to the BIA, this "significant inconsistency," in combination with the "inconsistencies and discrepancies noted by the Immigration Judge, as well as his concern about the authenticity of the abortion certificate submitted by [Zheng,] support an adverse credibility determination." *Id.*

It is not clear from the BIA's opinion whether it intended to adopt the first ground for the IJ's rejection of Zheng's asylum application—namely, her failure to establish that the application was timely—which we would have been without jurisdiction to review. *See Xiao Ji Chen v. Gonzales,* 434 F.3d 144, 150–56 (2d Cir. 2006). In addition, to the extent the BIA intended to endorse the IJ's alternative ground for the rejection of Zheng's asylum application, which also served as the basis for rejecting Zheng's application for withholding of removal—namely, that Zheng failed to carry her burden to establish a well-founded fear of persecution—the BIA erred by "find[ing] no clear error in the Immigration Judge's adverse credibility finding," *In re: Zheng, Xue Jin,* A95–149–765 (BIA Apr. 28, 2004) (per curiam), because the IJ never made an explicit adverse credibility determination. The fact that the BIA commented that the evidence in the record "support[s] an adverse credibility determination," *id.,* in the context of reviewing a non-existent adverse credibility determination for clear error does not itself amount to an adverse credibility determination.

Accordingly, the per curiam opinion of the BIA is unclear as to whether the BIA: (1) intended to adopt the IJ's determination relating to Zheng's failure to carry her burden to show that she had filed her asylum application in a timely manner and (2) concluded that Zheng had failed to establish her eligibility for asylum and

withholding of removal because her relevant testimony was not credible. We therefore GRANT the petition for review and REMAND to the BIA for further proceedings consistent with this order.